WAN JUN YANG, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 13–73993.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed March 1, 2016.

Wan Jun Yang, San Gabriel, CA, pro se.

Anthony John Messuri, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Wan Jun Yang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility determinations, applying the standards created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

■ As to Yang's family planning claim, substantial evidence supports the agency's conclusion that Yang failed to demonstrate "other resistance" to China's coercive family planning program. *See He v. Holder*, 749 F.3d 792, 796 (9th Cir.2014). Thus, we deny the petition for review as to this claim.

■ As to Yang's religion-based claim, substantial evidence supports the agency's adverse credibility determination in light of the inconsistencies between Yang's testimony and documentary evidence regarding his employment and post-arrest termination. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Yang's explanations for the inconsistencies do not compel a contrary result. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir.2011). In the absence of credible testimony, Yang's religion-based asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

■ Finally, substantial evidence supports the agency's denial of Yang's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government for any reason if returned to China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).